MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 95
Docket:        And-18-508
Submitted
  On Briefs:   May 30, 2019
Decided:       June 11, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


IN RE CHILD OF SHANNON S.


PER CURIAM

[¶1] Shannon S. appeals from a judgment of the District Court (Lewiston, *Ham-Thompson*, *J.*) terminating her parental rights to her child. 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii) (2018). The mother challenges the court's determination that termination of her parental rights is in the best interest of her child. We affirm the judgment.

## I. BACKGROUND

[¶2] On November 9, 2015, the Department of Health and Human Services filed a child protection petition. *See* 22 M.R.S. § 4032 (2018). The petition alleged that the mother struggled with substance abuse and exposed the child to domestic violence between the parents in the home.[1] On February 5, 2016, the court (*Dow*, *J.*) entered a jeopardy order, with the parents'

---

[1] Although both parents' parental rights were terminated, the father has not appealed.

agreement, *see* 22 M.R.S. § 4035(1)-(2) (2018); however, custody remained with the mother until May 22, 2017, when the court (*Oram, J.*) granted the Department custody of the child after the mother was charged with two counts of unlawful possession of scheduled drugs. The child was placed with a relative.[2]

[¶3] The Department petitioned for termination of the mother's parental rights on May 18, 2018. *See* 22 M.R.S. § 4052 (2018). The court (*Ham-Thompson, J.*) held a three-day hearing on the petition and, on November 19, 2018, found by clear and convincing evidence that the mother is unwilling or unable to protect the child from jeopardy or take responsibility for the child within a time that is reasonably calculated to meet the child's needs, and that termination of the mother's rights is in the best interest of the child. *See* 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii).

[¶4] The court based its decision on the following factual findings, all of which are supported by competent evidence in the record.

> [The mother] has a significant history of substance abuse. By her own admissions, she has had multiple relapses during the pendency of this case. [The mother] has participated in two residential treatment programs, multiple [Intensive Outpatient

---

[2] On June 23, 2018, the child was moved to the home of another relative who previously had provided some respite care for the child. The child was in this relative's care at the time of the termination hearing.

Programs], and individual counseling. Despite these services, [the mother] has and continues to actively abuse substances. [The mother] also has significant mental health issues and has been inconsistent in attending mental health treatment. During her testimony, [the mother] indicated that she did not see a correlation between her mental health issues and the impact on her child.

. . . .

. . . [The mother] has failed to do the things required in order to eliminate jeopardy. She has failed to refrain from using illicit substances, failed to adequately address her substance abuse history, failed to address her mental health issues, failed to provide a safe and stable home environment for her [child], and failed to demonstrate that she can be an emotionally stable parent to her [child].

The court found further that the mother's "substance abuse has resulted in her having a fairly extensive criminal history from 2004 to present" including "multiple OUIs, thefts by unauthorized taking, illegal possessions of controlled substances and violations of conditions of release."

## II. DISCUSSION

[¶5] On appeal, the mother challenges the court's finding that termination of her parental rights is in the child's best interest. "We review the trial court's factual findings for clear error and its ultimate conclusion regarding the best interest of the child for an abuse of discretion, viewing the facts, and the weight to be given them, through the trial court's lens." *In re Kenneth S.*, 2017 ME 45, ¶ 3, 157 A.3d 244 (quotation marks omitted). Because

4

the trial court is "able to directly evaluate the testimony of the witnesses," we give substantial deference to the court's judgment on the issue of best interest. *In re Caleb M.*, 2017 ME 66, ¶ 33, 159 A.3d 345 (quotation marks omitted).

[¶6] The mother argues that the court abused its discretion because it speculated about who might adopt the child after her parental rights were terminated. The mother contends that the court improperly considered this factor in its best interest analysis when it found that

> termination of parental rights is in [the child's] best interest. [The child] seems happy in [the] current placement, and if [the parents'] parental rights are terminated, [the foster parent] would happily adopt [the child]. . . . Given the strong public policy favoring permanency for children . . . the court has no difficulty in finding that the plan of adoption is clearly in [the child's] best interest *so that [the child] has permanency in the happy home where [the child] is presently living.*

(Emphasis added.)

[¶7] It is well established that the court may, and often does, consolidate permanency planning and termination proceedings; the two "cannot be divorced from one another because a best interest decision necessarily requires the court to consider the long-term living arrangement that will best serve a child's needs. The court's permanency plan for the child is an inextricable part of that decision." *In re Children of Nicole M.*, 2018 ME 75, ¶ 15, 187 A.3d 1 (quoting *In re Thomas H.*, 2005 ME 123, ¶ 28, 889 A.2d 297). In

general, trial courts are permitted to consider in these consolidated proceedings "evidence that the current foster placement is furthering the child's permanency plan, especially where that plan is to place the child for adoption." *In re Kenneth S.*, 2017 ME 45, ¶ 6, 157 A.3d 244. However, "permanency planning for a child in foster care, and the best interest determination to be made in a termination proceeding, are distinct from the question of *who* should adopt the child . . . ."[3] *Id.* (citations omitted).

[¶8] Courts should "not opine on who should become the adoptive parent(s) in a prospective adoption proceeding." *In re Children of Bethmarie R.*, 2019 ME 59, ¶ 8, --- A.3d ---. "The question of *who* is the best person to adopt the child . . . is beyond the scope of a termination proceeding because that question must be addressed in a separate adoption action governed by [title 18]." *In re Children of Nicole M.*, 2018 ME 75, ¶ 17, 187 A.3d 1. In this case, while the court determined that the permanency plan for the child would be adoption, *see In re Thomas H.*, 2005 ME 123, ¶ 28, 889 A.2d 297, it did not

---

[3] In title 22 proceedings for the termination of parental rights, "the court does not begin to consider post-termination placements until after termination of parental rights has been ordered." *Adoption of Isabelle T.*, 2017 ME 220, ¶ 9, 175 A.3d 639. "[I]n a consolidated proceeding where the court addresses a termination petition and establishes a permanency plan, while the court may determine that as a general matter adoption is in the child's best interest and will be the permanency plan, the court would overreach if it were to designate the adoptive party." *In re Children of Nicole M.*, 2018 ME 75, ¶ 17, 187 A.3d 1.

declare that "the inevitable result of its termination judgment" would be adoption with the foster parent, *In re Children of Bethmarie R.*, 2019 ME 59, ¶ 8, --- A.3d ---.  The court, therefore, stopped just short of determining *who* the adoptive parent would be, but nonetheless determined that the child's best interest would be served through the permanency plan of adoption.

[¶9]  Given the strength of the record, particularly the length of time the child has been in kinship care and the mother's consistent and demonstrated inability to provide a safe and stable home for the child, the court did not abuse its discretion in concluding that termination of the mother's parental rights is in the child's best interest.  *See In re Kenneth S.*, 2017 ME 45, ¶ 3, 157 A.3d 244.  Title 22 favors permanency; the child has been the subject of child protection proceedings since November 2015, and termination of the mother's parental rights will finally allow the child to achieve that permanency.  *See* 22 M.R.S. § 4050 (2018); *In re Thomas H.*, 2005 ME 123, ¶ 23, 889 A.2d 297.

The entry is:

Judgment affirmed.

Rory A. McNamara, Esq., Drake Law, LLC, Berwick, for appellant mother

Aaron M. Frey, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Lewiston District Court docket number PC-2015-70
FOR CLERK REFERENCE ONLY